CHIEF JUSTICE WILLIAMS
delivered the opinion of the court.
Section 38, article 1, chapter 84, 2 Stanton’s Revised Statutes, 393, provides that “when a fence shall be erected *297 across a public road, tbe owner or tenant of tbe land on which the fence shall be erected shall pay a fine of one dollar for every twenty-four hours the fence shall continue across the road.”
It is not the erection alone, but the continuance of the fence for at least twenty-four hours, that completes the offense; and the continuance for a number of consecutive days is still but one violation of law, but the measure of responsibility is one dollar for every twenty-four hours of continuance. Whatever may be the right of the state to commence a prosecution before a justice of the peace when the fine has not exceeded ten dollars, and while the justice, under subsection 5 of section 10, Criminal Code, would have jurisdiction, yet if this be not done until by the continuance the accumulated responsibility is over the justice’s jurisdiction, we can not doubt the jurisdiction of the circuit court.
In giving justices of the peace exclusive jurisdiction when the penalty does not exceed ten dollars, it was not the intention of the legislature to-cut up existing responsibilities into a number of prosecutions when these are set on foot; but when the state begins her prosecution, if the defendant’s liability is over ten dollars, she may resort to a jurisdiction that will settle the whole matter in one suit. As the indictment in this ease charged the erection and continuance of the fence for more than one hundred and fifty days across a public road, and as the j ury had found the defendant guilty of that number of days, it was erroneous to arrest the judgment, set aside the verdict, and dismiss the indictment by the circuit court on any supposed want of jurisdiction.
Wherefore the judgment dismissing the indictment is reversed.